UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RODDY ESPINOZA,

                               Plaintiff,

           -against-

NASSAU COUNTY POLICE DEPARTMENT
and COUNTY OF NASSAU, and POLICE OFFICER
O'BRIEN and POLICE OFFICER FIOCCA,
individually and in their capacity as Nassau
County Police Officers,

                              Defendants.
-----------------------------------------------------------------------x

**VERIFIED COMPLAINT**

**CV 15 2581**

**SEYBERT, J**

**LINDSAY, M.**

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAY 06 2015
LONG ISLAND OFFICE

The plaintiff, RODDY ESPINOSA, by his attorney, LAW OFFICE OF MICHAEL V. DEVINE, complaining of the Defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, and POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, respectfully alleges the following:

## I - INTRODUCTION

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, for intentional and/or negligent infliction of emotional distress, negligent supervision, gross negligence, assault and battery, false imprisonment, false arrest, civil conspiracy and failure to train, failure to directly supervise, failure in hiring, failure to discipline, failure in assignment and negligent entrustment.

While the individual Defendants were acting in the scope of their employment and under color of law, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA (hereinafter "O'BRIEN and FIOCCA") made an unlawful stop of Plaintiff that resulted in unreasonable search

and seizure, arrest, unlawful imprisonment and the excessive use of force against the Plaintiff. The Defendants' actions caused injury to the Plaintiff.

Action is also brought against the NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, for its failure to properly train direct supervise the individual Defendants in the proper use of force and techniques used to secure and search, proper dispatch policy and its establishment of policies, procedures, practices and customs regarding arrests that result in the excessive use of force , and for negligent hiring, assignment and entrustment.

## I - VENUE

Venue is proper in the Eastern District of New York as the defendants, the NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU are located within the geographical area of that facility.

## II – JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the United States Constitution and laws of the United States based on a claim of civil rights violations while acting under the color of governmental authority against the defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, it's employees, servants and/or agents, as we as tort actions against the defendants.

2. This Court has jurisdiction over the subject matter of this action and venue is properly set in the United States District Court for the Eastern District of New York.

3. The causes of action alleged herein arise from factual allegations occurring in this Judicial District.

4. On information and belief, it is alleged that each of the named Defendants are employees in this Judicial District, with at least one defendant residing within the jurisdiction of the Eastern District of New York.

5. Plaintiff resides within the State of New York.

6. The amount in controversy is in excess of $75,000.00.

### III. PARTIES

### A. PLAINTIFF

7. The Plaintiff, RODDY ESPINOZA, is a citizen and resident of New Windsor, County of Orange, State of New York.

### B. POLICE DEFENDANTS

8. The Defendant, NASSAU COUNTY POLICE DEPARTMENT, is a political subdivision of the COUNTY OF NASSAU, for which Defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA serve in a police capacity. NASSAU COUNTY POLICE DEPARTMENT is a political subdivision of the COUNTY OF NASSAU responsible for the training and supervision of the Defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA. The COUNTY OF NASSAU has established or delegated to NASSAU COUNTY POLICE DEPARTMENT the responsibility for establishing and implementing polices, practices, procedures and customs used by law enforcement officers employed by it's employees regarding arrests and use of force.

### C. POLICE OFFICER DEFENDANTS

9. The Defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA are citizens and/or residents or within the jurisdictional limits of the Eastern District of New York, and were at all times material to the allegations in this Complaint, acting in their police

capacity employed by the NASSAU COUNTY POLICE DEPARTMENT located within the jurisdictional limits of Eastern District of New York and acting under color of law.

## IV – FACTS

10. That on or about February 10, 2014, while the plaintiff was lawfully and properly at his premises known as 450 Franklin Street, Westbury, New York 11590 the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, had a duty to protect the plaintiff and/or not cause him harm or injury.

11. That on or about February 10, 2014, while the plaintiff was lawfully and properly at his premises known as 450 Franklin Street, Westbury, New York 11590 the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, put Plaintiff in physical, mental and/or emotional harm's way and allowed the plaintiff to be placed in a situation that involved a risk of danger to his life or health by allowing, or failing to prevent, the defendants' agents, to wit: Nassau County Police Officer O'BRIEN and Police Officer Fiocca, from without cause or justification, stopping, interrogating and placing the plaintiff, RODDY ESPINOZA, under arrest, committing assault and battery on the plaintiff. .

12. That on or about February 10, 2014, while the plaintiff was lawfully and properly at his premises known as 450 Franklin Street, Westbury, New York 11590 the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, including, but not limited to Nassau County Police Officer O'BRIEN and Police Officer Fiocca, without cause or justification did stop, question, frisk, arrest and strike

the plaintiff, RODDY ESPINOZA, about his body and, without cause of justification and did unauthorized touching of the plaintiff, RODDY ESPINOZA and caused physical injury, mental anguish and required medical treatment.

13. That the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, caused harm to the plaintiff, RODDY ESPINOSA'S, person in that the aforesaid attack was as a result of the intentional, reckless, carelessness and/or negligent acts of the defendants' agents, servants and/or employees, in that the defendants, were culpable under the circumstances, by the intentional, reckless, careless and/or negligent acts of their agents, servants and/or employees.

14. That on or about February 10, 2014, while the plaintiff was lawfully and properly at his premises known as 450 Franklin Street, Westbury, New York 11590 the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, including but not limited to, Nassau County Police Officer O'BRIEN and Police Officer Fiocca, without cause or justification, entered the plaintiff, RODDY ESPINOSA'S, home and searched the claimant's home without cause and/or consent of the plaintiff, RODDY ESPINOSA, and without a warrant to conduct said search.

15. That on or about February 10, 2014, while the plaintiff was lawfully and properly at his premises known as 450 Franklin Street, Westbury, New York 11590, the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, failed to protect the plaintiff, RODDY ESPINOSA, due to the negligence, carelessness and/or recklessness of the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU, its agents, servants and/or employees, due to its intentional acts or omissions, negligence, improper handling, improper training, negligent

hiring, lack of supervision, negligent retention, failure of supervision and/or lack of procedural guidelines, by the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU for their agents, servants and/or employees including, but not limited to, Police Office O'BRIEN and Police Officer Fiocco, causing the plaintiff, RODDY ESPINOSA, to be falsely imprisoned, traumatized, and deprived of his constitutional and civil rights.

16. That on or about February 10, 2015, the plaintiff, RODDY ESPINOSA'S, physical, mental and/or emotional welfare was compromised and the plaintiff, RODDY ESPINOSA, suffered severe physical, mental emotional injuries.

17. That said incident and resulting injuries to the plaintiff, RODDY ESPINOSA, were caused solely and wholly by reason of the carelessness, recklessness and negligence of the defendants, NASSAU COUNTY POLICE DEPARTMENT and/or COUNTY OF NASSAU and without any negligence on the part of the plaintiff contributing thereto.

18 Upon information and belief, that by reason of the aforesaid, the plaintiff, RODDY ESPINOZA, was rendered sick, sore, lame and disabled, and was unable to attend to his usual duties for a considerable time, requiring medical aid and attention, suffered grievous physical pain and mental anguish and has been damaged in an undetermined amount to be determined by a court of competent jurisdiction.

19. That as a result of the forgoing, the plaintiff, RODDY ESPINOZA, has been damaged in an amount to be determined by a Court of competent jurisdiction. The compensation sought exceeds the jurisdictional limits of all other Courts.

20. That on or about the 28TH day of April, 2014, and within ninety (90) days after the claim arose, the plaintiff duly served upon, presented and filed with the defendants,

NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, a Notice of Claim, in writing, in duplicate, sworn to by the plaintiff setting forth:

1. The name and post office address of said claimant and of her attorney;
2. The nature of the claim;
3. Time, when, place, where and the manner in which the claim arose;
4. The items of damage and injury claimed to have been sustained.
5. On or about January 21, 2015, a demand for settlement was made.

21. That the defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, have neglected or refused to make an adjustment and/or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim/demand as aforesaid.

22. That this action has been commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

23. That the plaintiff has duly complied with the oral examination pursuant to Section 50-H of the General Municipal Law.

## V. CAUSES OF ACTION

### COUNT I

**Violation of Civil Rights**

**(General Allegations)**

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "23" of this Complaint.

25. In committing the acts complaint of here, Defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, acted under color of law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures: b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of law; e) the right to be free from false arrest; and f) the right to just compensation for taking of property.

26. In violating Plaintiff's rights as set forth above and other rights that will be proceed at trial, Defendants acted under color of law and conducted an unauthorized, warrantless illegal stop, search and seizure of Plaintiff. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure, assault, battery, arrest and the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief.

28. The conduct of Defendants was willful, malicious, oppressive and/or reckless and/or negligent, and was of such a nature.

## COUNT II

**Violation of Civil Rights**

**(Failure to Implement Appropriate Policies, Customs and Practices)**

29. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "28" of this Complaint.

30. The failure of the NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU to adequately train and supervise the Defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, amounts to deliberate indifference to the rights of the plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31. As a result of this negligent, reckless and carelessness of the defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, the defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA committed assaulted and battery on the plaintiff, RODDY ESPINOSA, and caused injury to the plaintiff, RODDY ESPINOZA, in an amount to be determined.

## COUNT III

**Violation of Civil Rights**

**(Use of Excessive Force)**

31. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "30" of this Complaint.

32. The Defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, have adopted policies, procedures, practices or customs within the certain guidelines that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

33. The actions of Defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, amount to deliberate indifference or negligence to the rights of the plaintiff, RODDY ESPINOSA, to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

34. As a result of the deliberate indifference or negligence to the Plaintiff's rights by the Defendants, the Plaintiff suffered serious personal injuries and is entitled to relief under 42 U.S.C. §1983.

## COUNT IV

### Violation of Civil Rights

### (False Arrest)

35. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "34" of this Complaint.

36. In committing the complaint of herein, Defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, acted under color of law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's rights to be free from false arrest, the

Defendants violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

37. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief.

38. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of law and conducted an unauthorized, warrantless illegal stop, search and seizure of Plaintiff and his residence. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39. As a direct and proximate result of the violation of his constitution rights by the Defendants, Plaintiff suffered general and general and special damages as alleged in this Complaint and are entitled to relief.

40. The conduct of Defendants was willful, malicious, oppressive, reckless and/or negligent and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT V

### (Breach of Duty of Care)

41. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "40" of this Complaint.

42. Plaintiff avers that the Defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, breached a duty of care owed to Plaintiff.

43. Plaintiff avers that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against their will through use of force for a period of close to one day.

44. At no time during the detainment did Plaintiff resist or attempt to resist the Defendant officers, but was fully cooperating with the orders of the defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA.

45. Plaintiff avers that the Defendants are liable to him for false imprisonment.

46. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered serious personal injuries as set forth herein and emotional distress.

## COUNT VI

### Violation of Civil Rights

### (Assault and Battery)

47. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "46" of this Complaint.

48. That while handcuffed and sitting on the stoop, a brick/patios block was placed behind the plaintiff's back and the officer acting in concert kicked said brick into Plaintiff's back causing injury.

49. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident, or allowing plaintiff to be struck in the back in violation of a special duty owed to the plaintiff.

50. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT VII
## Tort Liability Act
## (Negligent Supervision)

51. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "50" of this Complaint.

52. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incident.

53. Defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU negligently supervised POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, by failing to provide proper training and outline proper procedure in confronting the persons lawfully present such as Plaintiff, failing to train and failing to directly supervise, failure in hiring, failure to discipline, failure to assignment and negligent entrustment.

54. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT VIII

### New York Common Law

### (Assault and Battery)

55.  Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "54" of this Complaint.

56.  Plaintiff avers that the actions of the Defendants breached a duty of care owed to Plaintiff to not assault her or cause her physical harm or injury, except to the extent allowed by law.

57.  Plaintiff avers that the Defendants, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA, knowingly, wantonly, intentionally, recklessly and/or negligently and with gross disregard for the right of the Plaintiff, handcuffed him and committed assault and battery on Plaintiff by striking him in his back or allowing plaintiff to be struck in his back, in violation of a special duty owed the plaintiff.

58.  As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered both physical and mental injuries and are entitled to relief.

59.  The injuries and damage to plaintiff herein alleged were caused solely by the negligence, carelessness and recklessness intentional acts of the defendants, NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, POLICE OFFICER O'BRIEN and POLICE OFFICER FIOCCA.

60.  As a result of the foregoing, the plaintiff, RODDY ESPINOZA, has been

damaged in an amount to be determined by the Court of competent jurisdiction.

## PRAYERS FOR RELIEF

**WHEREFORE,** the above premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for her physical and mental pain and suffering, both past and future, permanent injury and disability; loss of enjoyment of life, loss of her personalty and medical and psychological expenses, both past and future.

4. That Plaintiff be awarded punitive damages against the Defendants.

5. That Plaintiff be awarded compensatory damages, pain and suffering which he alleges is in excess of any which might be awarded by a lower court having jurisdiction in this matter.

6. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

7. That the Plaintiff receives any other further and general relief to which HE may appear they are entitled.

8. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury in this action

Dated: Port Jefferson, New York
May 5, 2015

Respectfully Submitted,

LAW OFFICE OF MICHAEL V. DEVINE

By: _____
MICHAEL V. DEVINE (MD 9814)
Attorney for PLAINTIFF
1000 Main Street
Port Jefferson, New York 11777
(631) 474-5400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RODDY ESPINOZA,

         Plaintiff,    **INDIVIDUAL**
                 **VERIFICATION**

  -against-

NASSAU COUNTY POLICE DEPARTMENT   Civ.
and COUNTY OF NASSAU, and POLICE OFFICER
O'BRIAN and POLICE OFFICER FIOCCA,
individually and in their capacity as Nassau
County Police Officers,

         Defendants.
-------------------------------------------------------------------x


STATE OF NEW YORK )
          ) SS.:
COUNTY OF SUFFOLK )

  I am the plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe it to be true.

                 */s/ Roddy Espinoza*
                 RODDY ESPINOZA

Sworn to before me this

\_\_6\_\_ day of MAY, 2015

_____
Notary Public

MICHAEL F. DEVINE
NOTARY PUBLIC STATE OF NEW YORK
NO. 02DE4999230
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES JULY 20, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RODDY ESPINOZA,

        Plaintiff,    **ATTORNEY**
             **CERTIFICATION**

 -against-

NASSAU COUNTY POLICE DEPARTMENT    Civ.
and COUNTY OF NASSAU, and POLICE OFFICER
O'BRIEN and POLICE OFFICER FIOCCA,
individually and in their capacity as Nassau
County Police Officers,

        Defendants.
------------------------------------------------------------------x


  I hereby certify under penalty of perjury, and as an officer of the Court, that I have no knowledge that the substance of any of the factual submissions contained in this document is false.

Dated: Port Jefferson, New York
    May 5, 2015

                MICHAEL V. DEVINE

UNITED STATES DISTRCT COURT: SOUTHERN DISTRICT OF NEW YORK

RODDY ESPINOZA,

                              PLAINTIFF,

-AGAINST-

NASSAU COUNTY POLICE DEPARTMENT, ET AL.

                              DEFENDANTS.

## SUMMONS IN A CIVIL ACTION AND VERIFIED COMPLAINT

LAW OFFICE OF MICHAEL V. DEVINE
Attorney for: PLAINTIFF
OFFICE AND POST OFFICE ADDRESS
1000 MAIN STREET
PORT JEFFERSON, NEW YORK 11777
(631) 474-5400

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**
That the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**
That an order                                              of which the within is a true copy
will be presented for settlement to the HON.               one of the judges of the
within named Court, at
on                      at